Case number 235427, United States of America v. Victor Silvers. Oral argument not to exceed 15 minutes per side. Ms. Gannett, you may proceed for the appellant. Good morning. May it please the court. My name is Sarah Gannett and I represent the appellant Victor Silvers. With the court's permission, I'd like to reserve three minutes for rebuttal. Fine. Unless the court has other questions, I would like to spend my time today discussing the district court's error in failing to submit in full the element of special maritime and territorial jurisdiction to the jury, in violation of the Fifth and Sixth Amendments to the United States Constitution. This error requires reversing for retrial six of the seven counts of conviction, including Mr. Silvers' four life sentences. The Gowden Apprendi line of cases demands this court reverse those counts of conviction because the essential element of jurisdiction was not tried to the jury beyond a reasonable doubt. To get to the heart of my concern in this, sending it to the jury, is what we could end up with then is a series of different juries coming to different conclusions as to whether Fort Campbell is, in fact, a federal jurisdiction, whether Kentucky gave the rights to it and the U.S. accepted it. And why should that one issue be resolved differently by different juries when, hypothetically, it's all involving the same information? So the likelihood of that happening, we'd submit, is slim for several reasons. First, we have a unitary prosecutor, and so we are likely to have unitary proof going to the jurors about that issue. Second, we are likely in... But that doesn't address the concern, right? What if one jury finds it's not beyond a reasonable doubt and another... Well, second, jurors are presumed to follow the instructions. And so if the proper instructions are given to jurors and the factual material is the same from jury to jury, we presume that the juries will find the appropriate result. But what if it's robots, not humans? I mean, different juries are going to come out with different results. So let's just assume that happens. How do you address the concern? The concern is no different in this case than it is in any other case where there's a similar issue. For example, we submit to jurors interstate commerce, where there's a similar question where the jury has to decide, is Smith & Wesson manufacturing its guns in a particular state or not? And the jury makes that determination. We don't have that same concern that a different jury will determine that fact differently from case to case. The same is true about a bank's FDIC insurance status. We don't have a concern about whether a jury will determine that differently from case to case. An issue should not be different here. Do you think determining that a crime occurred in Indian country, do you think that is similar to special and maritime jurisdiction? There's no reason that the jurisdictional status should differ. If it's an element of the offense, it should be submitted to the jury. If I'm right and that question has been submitted to judges for centuries, why shouldn't we follow that precedent? This is the story of Gowden and Apprendi, that the court is revisiting issues that have been removed from the decision of juries and taken to the decision of judges. And looking back at whether those are elements of the offense that juries, in fact, should be considering. And judges have said, no, it's not. And the Supreme Court has said on consideration, yes, it is. Right, but that was looking at history and what juries traditionally determined. And one of the things they have, at least that I can find, have never determined is whether a particular parcel is within Indian country for jurisdictional purposes. So why wouldn't that cut against you? There is a considerable question whether the court can say some elements should be tried to a jury and some elements should not be tried to a jury. My final question on this, won't the element, so the judge determines this is for Campbell is U.S. jurisdiction. The jury still has to determine if the murder occurred there. So what the court said in Gowden is that the entire element needs to be submitted to the jury. If the court were to determine a portion of that element, it would have to determine it under Rule 201 of the Federal Rules of Evidence. And in that case, it should only determine it if the facts are subject to proof that is either generally known or from sources whose accuracy cannot be questioned. And in this case, the fact was neither generally known nor from sources whose accuracy could not be questioned. And critically, the court did not submit the question to the jury in the manner in which it's supposed to be submitted under Rule 201. It submitted it as a closed question and it did not offer the jury the opportunity to reject the fact. And in fact, compounding the error, the government argued that there was no dispute about the fact when in fact it had been a contested question pretrial. So one question is, is this really a legislative fact? In which case, should that make a difference, that this should be a question decided by the judge? It should not make a difference because an element is an element no matter what you call it, and it should be submitted to the jury in any case. But it is not a legislative fact. A legislative fact is something that assists in legal reasoning. It's something used to formulate policy or to interpret a statute. It's not something that's germane to what happened. This is more in the nature of an adjudicative fact, but it's not an adjudicative fact that is subject to judicial notice for the reasons that I just gave. This is a fact that required four witnesses to prove and more than a dozen exhibits. So it's not in the nature of a fact that's generally known or not subject to reasonable dispute. And the error was not constitutionally harmless. Arguably, the government has waived that issue. It did not argue in its brief that it was constitutionally harmless, which means that this court would look at the question whether it can be certain about the harmlessness of the error. But given the contested nature of the evidence and the fact that the defense proffered its own exhibits calling into question the reliability of the exhibits proffered by the government, it's our position that a reasonable jury could have decided that the government had not proved beyond reasonable doubt that the government, the United States government, had accepted jurisdiction over this property. And that certainly the government cannot prove beyond a reasonable doubt that it would not have made a difference to try this issue to the jury. You know, I'm having a little trouble with the argument. What is it about Fort Campbell being subject to federal jurisdiction that makes it not an indisputable fact? So we've got Fort Campbell, which is a federal military base. And just because a party to the lawsuit says that they dispute it doesn't make it a disputable fact if it's not a disputable fact. So you've got a federal military base where the crime occurred and seemingly it's not subject, the fact that it's under federal jurisdiction is not subject to any reasonable dispute. So what is it that makes it subject to a dispute here? Congress made a specific definition for special maritime and territorial jurisdiction in 40 U.S.C. 3112. And that is that the state agreed to transfer the property and the federal government accepted that agreement. And so we may generally understand that there's a military base somewhere, just like we may generally understand that there's a federal prison somewhere or a national park somewhere. But the fact that it meets this definition is not something that is generally agreed upon or subject to judicial notice in that fashion. And in fact, as the district courts acknowledged, folks are sometimes wrong about these things. And there is case law acknowledging that courts have gotten those determinations wrong in the past. And Hernandez federal court turned out to be wrong that a federal prison was actually subject to federal jurisdiction in this specific manner called for in the United States Code. Well, if it's reasonably understood that the military base would not have been put there but for compliance with the requirements of the agreements between the state and the federal government, I suppose this could be an exceptional and unusual situation where that didn't happen. But there's no reason to believe that it is unless somebody has some contrary evidence, information. I don't see that anybody came forward with that here. In fact, I don't even understand why the judge had to have an evidentiary hearing about this matter. Well, two responses to that. One is that the federal government can have a proprietary interest in property without actually having jurisdiction over that property. And that's what the United States Code establishes. But secondly, there was actually evidence introduced calling into question the documents presented by the United States at the evidentiary hearing. And it called into question those documents in at least three ways. One, the witnesses by the United States were not able to establish the provenance of those documents. So they were not able to say how those documents came into the Corps of Engineers' possession or whether they were documents that were relied on at the time that jurisdiction was conveyed. And even under the ancient documents rule, those documents have to be reliable and not subject to question. So the defense also submitted documents establishing that the signatures do not match the signatures on other documents supposedly created by the same persons at the same time. And they also submitted documents showing that at that time, the same persons were using letterhead that is not on the documents that were submitted by the government. Are you talking about the fact that the witnesses couldn't verify the documents because they were not personally involved in the transaction? I see what Mike is saying. May I answer the question? So yes, but it's not just that they were not involved in the transaction. It's that the presence of a document in a government file is not by itself sufficient to establish that the document is authentic. And that's the Amico case that's cited in our briefs. There has to be some explanation, even if it's not by personal knowledge, of how that document would have come to be in the government file. And that did not get presented by the witnesses in this record. So is the bottom line to your argument, then, that in order for this particular fort to be considered a federal entity, there has to be some new acceptance of jurisdiction because the evidence that is in the record you criticize for being inadequate to constitute proof? I think that the federal government could certainly offer new evidence of acceptance. So TODAY could write a letter saying we accept jurisdiction. I'm not sure whether that would cure the problem that there was no evidence in 2018 when this crime was committed. It isn't that there was no evidence, but you have challenged all of the evidence. No reliable evidence. The government could proactively, for the future, say we accept jurisdiction. And we believe, they could say, that we did have jurisdiction starting in 1946 or whenever it was that Fort Campbell became Fort Campbell instead of Camp Campbell. I am not sure about the second part of that. I do agree with the first part, Your Honor, that prospectively that could occur. Thank you. May it please the Court, Terry Cushing for the United States. Your Honors, the core mistake that my colleague on the other side is making here is calling whether Fort Campbell is within the Special Maritime and Territorial Jurisdiction of the United States is an element of the offense here. The element is, was the crime committed on land that was within the Special Maritime and Territorial Jurisdiction of the United States? And that's an important distinction because that question was submitted to the jury, as it had to be, where did this crime occur? But the question was, did the crime occur at a particular address that was given to the jury? Not, was this address within the jurisdiction of the U.S.? That's because that is the legislative fact. And that, but your opponent is saying that's the wrong answer to the question. She does. So you disagree on the answer to the question, but I think you're both pointing to that. Exactly. And our difference is in definition of what's a legislative fact. My colleague on the other side narrows that definition too much. In the Davis case, in the Second Circuit that we cited, the Davis case said that a legislative fact is one that is basically, and these aren't the exact words, but static, doesn't change over time. Obviously, nothing is completely unchangeable. Laws change from time to time. Of course, we have judges take judicial notice of laws. But this particular piece of land has been under the jurisdiction of the federal government since the 1940s. So this, and that distinguishes this case from the Mintz case that my colleague cites. The Mintz case involved FDIC insurance. FDIC insurance is a contract between a private entity and the federal government and it requires that that be kept up through premium payments. And it's a quality of the victim of the crime. It has nothing to do with, in this case, the jurisdiction, whether Fort Campbell is within the jurisdiction of the United States, is not a feature of the crime itself. It's where the defendant chose to commit this crime. What about your opponent's mention of the interstate commerce question, whether a gun was manufactured in a different state? Again, that is also a part of the fact of the crime. Whether something traveled in interstate commerce is a required element and that can change from case to case. And it does, it's case specific. To spin out that hypo, if you know that the gun manufacturer makes all their guns in Connecticut and the case involves somebody shooting somebody in Kentucky, then is that a fact that the jury has to find if it's contested that the gun traveled in interstate commerce to get from the manufacturing plant to Kentucky? Yes, it is. So why isn't this a similar kind of situation? Because, again, that's a fact that changes from case to case and it's... Well, no, in my hypo, the gun company has only made guns forever in time in Connecticut and we know this case as being a crime in Kentucky. But then there's also the other fact you have to prove that this gun was manufactured by that company. And then that leads to the inference that if it was manufactured by that company, then it did travel to interstate commerce before it got into the hands of this defendant to use. So it's a lot more case specific than whether Fort Campbell is a federal jurisdiction. Because Fort Campbell is a federal jurisdiction, whether a crime is committed on it or not. And you don't have to prove that something apart from Fort Campbell happened to make Fort Campbell a federal jurisdiction. The gun has to travel in interstate commerce. The fact that the manufacturer is in Connecticut is simply evidence that it traveled in interstate commerce. Could the district judge say, take judicial notice, jury, of the fact that the gun company makes guns only in Connecticut? No, I think that's a matter of proof because that's something that is changeable. The gun company, you could discover during trial that, they used to manufacture guns in New Hampshire and this gun was manufactured in 1938 when they were in New Hampshire instead of Connecticut. So there's a difference there and it's a lot more specific to the crime because it has to be that gun that traveled to interstate commerce. Whereas here, Fort Campbell is Fort Campbell is Fort Campbell. No matter what's happened on it, who came into it to commit a crime. So that's a lot more static and it's a jurisdictional question, which is a legal question. Gauden itself recognized that there are still mixed questions of law and fact that the judge is going to decide and not the jury. And Chief Justice Rehnquist in his concurrence took that a little farther and gave some examples of what will remain the question for the judge. One of those examples was venue. Now I realize venue isn't a perfect analogy here, but it is somewhat similar where the judge decides the venue. So in every case we present in the Western District of Kentucky, we don't have to prove these are the counties that are within the Western District of Kentucky for the jury to decide. The judge will say, will decide this is the Western District of Kentucky as defined by statute. And if the crime was committed in Jefferson County, then it was committed within the Western District of Kentucky. Now Jefferson County is probably a poor example. I've seen examples over time like Land of the Near Paducah, the line kind of goes through there. So that can be an issue, but the judge decides what is Western District of Kentucky and the jury decides, did this happen here? If it happened here, it happened in the Western District of Kentucky. If it happened there, it didn't happen in the Western District of Kentucky. So your opponent has challenged the evidentiary aspects that were presented to the district judge and said that that really reflects that there's very weak evidence showing that the U.S. accepted jurisdiction over Fort Campbell and that it also shows in her mind that this is a jury question. How do you respond to those arguments? Two ways. First, this court said in blunt, United States versus Monthly decided in our brief, that the test isn't, you don't have to bring in deeds and such. It's a practical question of usage and dominion. My opponent on the other side wants to cite cases out of this circuit to say that no, that's not the test, but that is the test in this circuit. Obviously, if there is evidence to show that this particular usage in practice is actually not in concert with other evidence, okay, we can understand that and allow for that. But here, the usage, the dominion is perfectly consistent with the documents that the Corps of Engineers, the agency charged with understanding the jurisdiction and presenting to courts when there is a question where the jurisdiction is. These are the documents that the Corps of Engineers relies on. Of course, they don't have to have been there in 1940s. We aren't going to require people, you can't die because we have to have you to testify that these documents were created in the 1940s. But these documents are used. They're not just static. The letters saying that the Secretary of the Army on behalf of the United States accepts jurisdiction goes to the Governor of Kentucky. So that original is going to be probably in some archives in Kentucky if they have them. But the Corps of Engineers keeps their copies as their proof and what they rely on when they go to do a survey. We had a surveyor as well. He looks at deeds, he looks at those letters, and he determines where is the geography of Fort Campbell. Here, this particular piece of land has been part of Fort Campbell, again, since the 1940s as proved by the letters that we submitted and as relied on by the Corps of Engineers. We submitted other copies. I'm sorry the record isn't particularly clear on where those copies came from. They used them just to show these were a little better copies to show concretely what these letters say. But those came from the Judge Advocate's Office, if you don't mind me going outside the record. But there are copies of these documents all over the place for people who need to know what is the jurisdiction of Fort Campbell. Same with Fort Knox or Blue Grass Army Depot or any other federal land within Kentucky. So, sorry. Don't you think, at least arguably, that if we were to say that this is a judge determination, that we would be in conflict with the theme of Gauden and the theme of Apprendi, that juries should decide the critical elements of the case? And one critical element here is the jurisdiction being federal jurisdiction. No, you would not. You'd be exactly consonant with Gauden and with Apprendi. Because Gauden and Apprendi deal with adjudicative facts. They didn't discuss adjudicative versus legislative facts. But the case law recognizes that Gauden and Apprendi did not take every single question out of the judge's hand and put it into the jury's hand. It does have to be an element, which is where we started. The element is not, is Fort Campbell an exclusive jurisdiction? The element is, is this place where this person committed this crime? What is this place? If he committed it here, then it is within the jurisdiction of the United States, and that's for the judge to decide. Similar to Venue and other questions that Gauden even recognized, the judges still retain the duty to decide. So, Gauden and Apprendi do not stand for the proposition that no matter, no, there's no conceivable fact important to a case, a criminal case, that they all have to be decided by the jury. That's just not so. The jury doesn't decide what's the law. Some federal laws depend on state law, what happened in, you know, how a state defines something or another. The judge decides what's that state law, as the Dedman case covered that. So, those are questions for the judge. Jurisdiction is a question for the court, as this court, even though it didn't, it wasn't an issue raised, but that's what this court did in Gabrion. The court was, the court can decide that. This court, the Court of Appeals, can decide that in the first instance. So, if that's the fact, then that takes it completely out of the jury's hands. That's for the judge. And in Judge Moore's concurrence in that case, Judge Moore discussed how complex this issue is and the different factors that go into it that are for the judge to decide. Because it's not the element, it's jurisdiction. And then the element is, if this was committed here, is that in the jurisdiction? And that's what the court instructed the jury here, and that was correct. And that's been the long-standing practice. There's only one circuit that holds otherwise, and that's the First Circuit. The Eighth Circuit in Love and the Second Circuit in Davis have the better reasoning on that. And they're much more consistent with not only the history of how these cases are decided, but also with the reasons why a judge decides certain things and a jury decides certain things. And the reason the judge decides this is it's a matter of law. What is Fort Campbell? What's part of the jurisdiction? So, with all those, Your Honors, we ask you to affirm. If you don't mind me ending on a personal note. This is my last oral argument. I'm retiring in about two and a half weeks, and thank you very much for allowing me to practice all these years. Well, thank you. I know I've seen you a number of times, and it's always been very much a very helpful argument that you've given. So, thank you, and I wish you the best in your retirement. I would like to start with a reference to the decisions in Love and Davis, which I would note do not reference Gowden at all. The D.C. and Ninth apparently without any difficulty, although there is not a case explaining why that should occur. There are cases where it does occur in both of those jurisdictions, and those are cited in our briefing. As to the argument about legislative facts, I would urge the Court to look to the rule as opposed to the interpretation in Davis, because the rule makes very clear that a legislative fact is as narrow as we have defined it in our briefing. And also to consider that even Fort Campbell is a changeable place. Real estate changes hands, bases close, bases are realigned. So, it's not as if it's an immutable location where there isn't an issue of proof. And I think that the comparison to interstate commerce is very apt. You have a discussion of a company, just like you have a discussion of Fort Campbell, and then you have a discussion of the particular gun in the case, just like you have a discussion of the particular address in this case. And so that's, I think, a very apt analogy and a very apt example of how this element should function when it's submitted to the jury. Venue, on the other hand, is not an apt analogy. Venue refers to the organization of the courts. That's something very much in the court's purview to describe as compared to an element of an offense, which is something that must be submitted to the jury. The reference to blunt is discussed in the briefing. The district court found that of very little use. Even if there is circumstantial evidence of how the federal government has considered its jurisdiction, that's not the same as the proof under the statute, which is required by law. And finally, I would submit that the proof issues that we've discussed really demonstrate how much of a jury question this should be. Because even if the court finds that the evidence establishes jurisdiction, there's still a question of the weight that a jury would give that evidence. And this is presented, I think, as classically as any jury question could be. As recently as last term, the Supreme Court said in Erlinger that there is no efficiency exception to the Fifth and Sixth Amendments, regardless of how overwhelming the evidence seems to a judge. And that, I think, portends why the court should find in favor of Mr. Silvers in this case. Thanks to the court for welcoming me as an out-of-district practitioner, or an out-of-circuit practitioner, and I'm particularly honored to be here on Mr. Cushing's last day. Thank you for your argument. It's been a very good argument on both sides and we appreciate it very much.